IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Matthew Perkins, | ) | C/A No. 3:14-03245-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| South Carolina Community Bank, and Equifax Information Services, Inc., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Matthew Perkins, filed this action against South Carolina Community Bank ("Bank") and Equifax Information Services, Inc. ("Equifax") arising out of purported inaccuracies on Perkins's credit report. Equifax answered the Complaint; however, the Bank failed to respond or otherwise make an appearance in this matter. Following a request from Perkins, default was entered against the Bank. Perkins subsequently filed a motion for default judgment against the Bank. (ECF No. 23.) Pursuant to 28 U.S.C. § 636, this motion was referred to the undersigned United States Magistrate Judge for purposes of conducting a hearing and preparing a Report and Recommendation on the motion for default judgment. (ECF No. 26.) The court scheduled a status conference to address discrepancies and irregularities within Perkins's motion and proposed order. The court also directed Perkins to serve the hearing notice on the Bank. On October 13, 2015, the court conducted the status conference, at which the Bank did not appear. Having reviewed the submissions, Perkins's arguments at the hearing, and the applicable law, the court finds that the Perkins's motion for default judgment should be dismissed without prejudice.

*PJG*

## BACKGROUND

The following allegations are taken from Perkins's Complaint, to which the Bank has failed to respond or otherwise plead. See DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (indicating that once default has been entered against the defendant, the court accepts the plaintiff's well-pleaded factual allegations as true) (citing Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001)). Perkins alleges that he and an associate formed a limited liability company (the "company") and around September 2006 the company executed a promissory note and a mortgage to purchase property for a youth center in Lake City. Ultimately, the company defaulted on the note. On or around February 25, 2011, Perkins entered into a Deed in Lieu of Foreclosure and an Estoppel Affidavit with the Bank, which granted the Bank the property in fee simple in exchange for "full cancellation of all debts, obligations, costs and charges," including a release of Perkins from personal liability. Perkins also alleges that the Estoppel Affidavit further states: ". . . and the delivery to this affiant of the notes, guarantees or other evidence of debts secured by said mortgage, duly canceled, receipt of which said canceled note is hereby acknowledged." Thereafter, Perkins attempted to purchase a house but found himself ineligible due to inaccuracies on his credit report from the Bank. Perkins called the Bank and was able to purchase the house after the Bank removed the debt from Perkins's credit report. However, Perkins alleges that the Bank subsequently returned the debt to his credit report, then removed it again, and then returned it again as a debt. Perkins alleges he called the Bank numerous times to ask what needed to be done fix his credit report and never received an answer.

Perkins states that he recently purchased a home with a loan from Wells Fargo. However, due to his inaccurate credit report, Wells Fargo has increased his escrow payments from $200 to approximately $600 and will not waive the escrow requirement from Perkins's loan.

## DISCUSSION

Following the hearing on October 13, 2015, there are two claims remaining against the Bank: the second cause of action alleging a state law claim of breach of contract and the third cause of action alleging a state law claim of breach of contract accompanied by a fraudulent act.[1] Specifically, Perkins alleges that the Bank has breached the express terms of the Deed in Lieu and Estoppel Affidavit and the implied contractual term of good faith and fair dealing. Perkins alleges that he has been damaged. Perkins also alleges that the Bank made a representation that the matter was settled and that the Bank and Perkins signed a Deed in Lieu and an Estoppel Affidavit with the knowledge that Perkins understood a resolution had been reached. Perkins alleges that the Bank reached the settlement without the intent of acting in conformance to the express terms of the contract and that he is informed and believes that the Bank breached the contract through fraudulent acts.

The claims against the non-defaulting defendant, Equifax, consist of a claim that Equifax violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq., and, in the alternative, a state law claim of unfair trade practices. At this time, the claims against Equifax remain pending. During the hearing, the court expressed concerns to Perkins about having a separate evidentiary hearing against the Bank while claims against Equifax were still pending in the case. For example, the court

---

[1] Perkins agreed at the hearing that he was abandoning any claim pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq., against the Bank.



suggested that there may be problems because some of the evidence against the Bank may be the same evidence against Equifax and that Perkins's claims against Equifax would be tried in a separate proceeding before the assigned district judge, possibly in a jury trial, which could result in inconsistent factual determinations.  The court informed Perkins that it was inclined to recommend that his motion be denied at this time.  However, the court provided Perkins with an opportunity to file a status report addressing not only whether Perkins wished to proceed with a bench evidentiary hearing, but also providing the court with any authority or case law supporting holding an evidentiary default hearing at this time in light of the potential overlap in evidence between the claims against the Bank and against Equifax.

On October 27, 2015, Perkins filed a status report indicating that he has elected to have the court hold an evidentiary hearing, without a jury, as to his damages, and that the evidentiary hearing be scheduled at the court's convenience.  As Perkins has provided no support or authority addressing the court's concerns of holding an evidentiary hearing at this time without the participation of Defendant Equifax, the court finds that this motion should be dismissed without prejudice.  See Fed. R. Civ. P. 54(b) (stating that in cases involving multiple claims or parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay"); Curtiss-Wright v. General Elec. Co., 446 U.S. 1, 8 (1980) (discussing the entry of final judgments under Rule 54(b) and finding it proper for the court to consider "whether the claims under review were separable from the other remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals"); see also Frow v. De La Vega, 82 U.S. (15 Wall.) 552, 554 (1872) (holding in a joint liability case that



ordinarily, in order to avoid the risk of inconsistent judgments in a multi-defendant case, the proper course "is simply to enter a default" against the defaulting party, and to "proceed with the cause upon the answers of the other defendants"); Jefferson v. Briner, Inc., 461 F. Supp. 2d 430, 435 (E.D. Va. 2006) (stating that "the Fourth Circuit has concluded that Frow applies not only to defendants who are alleged to be jointly liable, but also to those defendants thought to be jointly and/or severally liable, or who are otherwise closely interrelated") (citing United States ex rel. Hudson v. Peerless Ins. Co., 374 F.2d 942 (4th Cir. 1967)); Loyless v. Oliveira, No. 1:09-CV-239, 2011 WL 3703535, at n.2 (E.D. Tenn. Aug. 23, 2011) ("When default is entered against one of multiple defendants in a case, the preferred practice is to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants.").

## RECOMMENDATION

Based on the foregoing, the court recommends that Perkins's motion for default judgment against Defendant South Carolina Community Bank be dismissed without prejudice with leave to renew at the appropriate stage of this litigation.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 5, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).